[Civ. No. 922.  First Appellate District.—March 1, 1912.]

J. A. HENRY STOECKLE, Respondent, v. WILLIAM KARR and GEORGE A. HERRICK et al., Defendants; WM. KARR, Appellant.

ACTION FOR MONEY HAD AND RECEIVED—CONTRACT TO PURCHASE CIGAR STORE—ASSIGNMENT NOT EFFECTED—SUPPORT OF FINDINGS—CONFLICTING EVIDENCE.—In an action for money had and received, which had been paid under a contract to purchase a cigar store, upon the theory that no sale had been effected, where plaintiff's evidence was that the money was paid with the guaranty that if the cigar

stock did not amount to $700, no sale was to be effected, that no assignment was in fact made, that an inventory of the stock was agreed upon and was refused upon demand, and that the contract was rescinded, but the evidence of defendant was conflicting as to the terms of the contract, and that no inventory was agreed upon or needed, it is held that the findings for plaintiff, upon the conflicting evidence, cannot be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Frank Schilling, and Lee M. Olds, for Appellant.

J. C. Flannery, for Respondent.

KERRIGAN, J.—This is an appeal by defendant, William Karr, from a judgment against him in favor of the plaintiff.

On the ninth day of August, 1910, the appellant and the plaintiff entered into a contract whereby appellant was to sell to the plaintiff a certain cigar store on Devisadero street in San Francisco. On that day plaintiff paid on account of the purchase price the sum of $30, and two days later he paid the balance of $820. Subsequently a dispute arose between the parties, and the property never changed hands. Plaintiff demanded the return of his money, and his demand being refused he brought this action for money had and received, upon the theory that no sale of the cigar store had been effected, and recovered judgment as above stated.

The sole ground urged for a reversal of the judgment is that the evidence is insufficient to support the findings. Our study of the record leads us to the conclusion that this view is untenable.

The evidence introduced by defendant tends to show that the plaintiff was offered the cigar-stand on either of two propositions. By one he was to pay for it the sum of $850 as it stood without condition or limitation of any kind. By the other proposition an invoice of the stock of goods was to be made, and the plaintiff was to pay therefor at wholesale rates, together with the sum of $150 for the goodwill of the business. Defendant's evidence tended to show that the

plaintiff accepted the former proposition, and accordingly paid the agreed price of $850. Plaintiff, on the other hand, introduced evidence tending to prove that he paid the $850 with the understanding that $150 was for the goodwill of the business, and with guaranty and arrangement that the stock of goods would amount in value to $700; that unless it did so no sale was to be considered effected. It is true that the evidence is not at all direct and clear on this point, but that is largely due, we think, to the fact that the plaintiff is of foreign birth and not very familiar with the English language. The circumstances of the case tend, however, strongly to support this view. No arrangement was made for the assignment of the lease of the store to plaintiff until after the $850 was paid, and no assignment of it was in fact made to the plaintiff. It was agreed, according to the evidence on behalf of plaintiff, that an inventory of the stock was to be made, and it is not contradicted that the plaintiff with his son repeatedly called by appointment with the appellant at the store for the purpose of taking the same. Each time, however, the plaintiff was put off on what must have seemed to the trial court a disingenuous excuse and one indicating bad faith on the part of the appellant. On the last of these visits appellant asked plaintiff to take possession of the store and to make the necessary inventory afterward, and upon plaintiff's refusal to do so declared that no inventory of the stock was necessary, and moreover that plaintiff's receipt would not disclose that he was entitled to one. All this time appellant apparently remained in charge of the business, taking and keeping for his own use the receipts thereof. According to the contract the agent of the appellant, through whom the sale was negotiated, was to file with the recorder a five days' notice of the sale, which he failed to do until the day that plaintiff gave notice of rescission, and it was not until this day either that the agent paid over the amount of the second payment to appellant.

To say the least, it is certain that there is evidence in the case amply sufficient to support the findings, and under the familiar rule that when there is a substantial conflict appellate courts will not disturb the findings of the trial court, the judgment must be sustained.

The judgment is affirmed.

Hall, J., and Lennon, P. J., concurred.